UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THOMAS BURGESS,                                    CASE NO.: 9:25-cv-80836-WM

     Plaintiff,

v.

DEPUTY ERIC L. URUSKI,
DEPUTY JAVIER A. LASSO,
SARA PHILLIPS,

     Defendants.

_____/

**DEFENDANTS' MOTION TO STAY DISCOVERY
TO INCLUDE RULE 26 DISCLOSURES AND REQUIREMENT OF FILING JOINT
SCHEDULING REPORT, PENDING A RULING ON MOTION TO DISMISS
(AND MEMORANDUM OF LAW)**

The Defendants URUSKI, LASSO and PHILLIPS, by and through the undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby file this Motion to Stay Discovery to Include Rule 26 Disclosures and Requirement of Filing Joint Scheduling Report Pending a Ruling on their Motion to Dismiss (and Memorandum of Law) and in support thereof state as follows:

1. The Amended Complaint [DE 15], was filed on August 4, 2025 naming Palm Beach County Sheriff's Deputy Eric L. Uruski and Deputy Javier A. Lasso, as well as 911 operator Sara Phillips as Defendants. It contains two numbered Counts: The first one is titled: "Violation of the Equal Protection Clause under the 14th Amendment based on Racial Profiling." [DE 15, pg. 14]. The second numbered Count is titled: "Violation of the Fouth (sic) Amendment Right to be free from unlawful search and seizure". [De 15, pg. 23]. The Amended Complaint also contains a section titled: "Lifelong unlawful treatment by the police." [DE 15, pg. 24]. In his Amended Complaint, Plaintiff alleges that he is an African American man who on July 4, 2021 was racially

profiled by 911 Operator Sara Phillips and Deputies Uruski and Lasso when he called 911 after a man pointed a gun at him. [DE 15, ¶¶53, 60, 61, 89]. He claims that "[e]qual protection under the law was violated based on the fact that the officers took over ten minutes to arrive to the plaintiff's location while Burgess was on the phone with the 911 operator requesting help from a man pointing a gun at him." [DE 15, ¶54]. He also alleges that Defendant Phillips forced him to stay on the line with her during his 911 call and that Defendants Lasso and Uruski would not let him leave right away upon their arrival to the call. [DE 15, ¶¶ 30, 33 and 92].

2.      On September 10, 2025, the Defendants Uruski, Lasso and Phillips filed their Motion to Dismiss Plaintiff's Amended Complaint. [DE 32].

3.      In their Motion to Dismiss, the Defendants raised a qualified immunity defense to Plaintiff's claims to the extent they are named in their individual capacities.

4.      Pursuant to the applicable Federal Rules of Civil Procedure, the parties are required to exchange Rule 26 Disclosures as well as confer, prepare and file a Joint Scheduling Report. Additionally, Plaintiff has sent a Request for Production of Documents to the "defendant" in this case.  Defendants Uruski, Lasso and Phillips seek a stay of discovery in this case, including having to submit Rule 26 Disclosures and a Joint Scheduling Report, which concerns the scheduling of discovery, pending the Court's ruling on their Motion to Dismiss on the basis of qualified immunity which demonstrates that the Complaint fails to raise a right to relief above the speculative level.

5.      Where properly invoked, qualified immunity shields government officials not only from liability but from litigation itself, including discovery and trial. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1184 (11th Cir.1994). "Although the trial court has substantial discretion in discovery matters, the trial court must exercise its discretion in a way that protects the substance

of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." Crawford-El v. Britton, 523 U.S. 574, 597-98, 118 S.Ct. 1584, 1596, 140 L.Ed.2d 759 (1998). Once the qualified immunity defense is raised, "balancing is done with a thumb on the side of the scale weighing against discovery." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir.1998).

6.    Discovery in this matter should be stayed pending resolution of the motion to dismiss and the qualified immunity defense raised by these Defendants. The Defendants Uruski, Lasso and Phillips will be prejudiced if they are needlessly forced to endure the rigors, inconvenience, and expense of discovery only to have the claims against them dismissed on the basis of qualified immunity.

7.    Counsel for the Defendants, in accordance with Local Rule 7.1(a), certifies that he has consulted with pro se Plaintiff Burgess regarding this motion. Plaintiff has advised that he opposes the relief sought herein.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum, Defendants Uruski, Lasso and Phillips respectfully request this Court grant their Motion to Stay Discovery to Include Rule 26 Disclosures and Requirement of Filing Joint Scheduling Report Pending the Court's Ruling on the Defendants' Motion to Dismiss.

## MEMORANDUM OF LAW

A.  The Standard for Obtaining a Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936). According to Federal Rule of Civil Procedure 26(c), the court may, "for good cause shown . . .

make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." According to Federal Rule of Civil Procedure 26(c)(1), such orders may include "forbidding the disclosure of discovery; …[or] specifying terms, including time and place or the allegation of expenses, for the disclosure or discovery…."

    B.  Proceedings Should be Stayed Pending Ruling on Motion to Dismiss.

The defense of qualified immunity affords public officials broad protections from the rigors, intrusion, and expense associated with defending against unwarranted civil rights actions. For example, qualified immunity shields government officials from liability for damages arising from conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). However, qualified immunity not only provides a defense to liability, but it also gives a public official immunity from suit itself. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985).

The defense of qualified immunity also extends to insulate public officials from the burdens associated with engaging in discovery. Behrens v. Pelletier, 516 U.S. 299, 308, 116 S.Ct. 834, 839 (1996); see also Anderson v. Creighton, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 (1987) ("One of the purposes of the Harlow qualified immunity standard is to protect public officials from . . . discovery...."). Until the threshold issue of qualified immunity has been resolved, discovery should not be allowed. See Harlow, 457 U.S. at 818, 102 S.Ct. at 2738; Siegert v. Gilley, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991). Consequently, a court should stay proceedings pending resolution of a public official's qualified immunity defense. See Howe v. City of Enterprise, 861 F.3d 1300, 1302 (11th Cir. 2017) ("immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted."); Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th

Cir. 1994)("district court properly stayed discovery until it decided the qualified immunity issue");

see also, Mp aka v. Migoya, 2019 WL 3001634 (S.D. Fla. 2019) (order granting abatement of discovery pending resolution of qualified immunity defense raised in motion for judgment on the pleadings).

Defendants Uruski, Lasso and Phillips will be prejudiced if discovery is not stayed pending resolution of the qualified immunity issue. A fundamental protection afforded by qualified immunity is freedom from the rigors, inconvenience, and expense of discovery and other pretrial proceedings. See Behrens, 516 U.S. at 308, 116 S.Ct. at 839. Absent a stay of discovery pending the resolution of the Motion to Dismiss, the Defendants will lose that protection.

WHEREFORE, for the foregoing reasons, Defendants Uruski, Lasso and Phillips respectfully request that this Court grant their Motion to Stay Discovery to Include Rule 26 Disclosures and Requirement of Filing Joint Scheduling Report Pending Resolution of their Motion to Dismiss.

## **LOCAL RULE 7.1(a)(3) STATEMENT**

Undersigned counsel certifies that he has conferred with pro se Plaintiff Thomas Burgess regarding the relief sought in this motion and he has indicated that he objects to the relief sought herein.

*/s/Richard A.Giuffreda*
RICHARD A. GIUFFREDA, ESQUIRE
Fla. Bar No. 705233
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:     (954) 462-3200
e-mail:     richard@purdylaw.com, jennifer@purdylaw.com
Attorneys for *Defendants Uruski, Lasso and Phillips*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send an electronic copy to: THOMAS BURGESS, Pro Se Plaintiff, 1860 North Tamarind Avenue, #3, West Palm Beach, FL 33407, email: thomasb33407@outlook.com this 11th day of September, 2025.

>*/s/Richard A.Giuffreda*
>RICHARD A. GIUFFREDA, ESQUIRE
>Fla. Bar No. 705233
>PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
>2455 E. Sunrise Boulevard, Suite 1216
>Fort Lauderdale, Florida 33304
>Telephone:    (954) 462-3200
>e-mail:         richard@purdylaw.com, jennifer@purdylaw.com
>Attorneys for *Defendants Uruski, Lasso and Phillips*